# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

**Patrick Fisher**                                                                  **Elisabeth A. Shumaker**
**Clerk**                                                                           **Chief Deputy Clerk**

September 19, 1996

**TO:** ALL RECIPIENTS OF THE CAPTIONED ORDER AND JUDGMENT

**RE:** 95-3383, USA v. Storey
         September 17, 1996 by The Honorable Wade Brorby

        Please be advised the attached Order and Judgment has been corrected to reflect
the panel as follows: Tacha, Baldock and Brorby, Circuit Judges.

        Please discard your previous copy.

                                                Very truly yours,

                                                Patrick Fisher, Clerk

                                                Trish Lane
                                                Deputy Clerk

UNITES STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BRADFORD L. STOREY,

    Defendant-Appellant.

No. 95-3383
(D.C. No. 95-10055-01)
(D. Kan.)

————————————

**ORDER AND JUDGMENT**[*]

————————————

Before **TACHA, BALDOCK** and **BRORBY**, Circuit Judges.

————————————

Bradford L. Storey appeals his conviction for three counts of robbery in violation of 18 U.S.C. § 924(c). We affirm.

Mr. Storey raises one issue on appeal: whether the district court erred in failing to suppress evidence regarding the photographic array presented to witnesses by the investigating detective. Mr. Storey claims the photographic array Detective Thomas Lee used was impermissibly suggestive because Mr.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Storey is the only person in the array smiling, the only person with full facial hair, and the background in his photograph is darker than in the others.

Detective Lee composed the photographic array by looking through police department files containing photographs of between 40,000 to 50,000 people to find ones who looked similar to the suspect. To ensure that all the individuals in the photographic array look similar, Detective Lee testified he matches their age, race and sex and tries to match:

> Facial structure, hair style, ... beard, moustache, this type of stuff, make sure that none of the other individuals have glasses or if he had glasses on everyone would have glasses. And I try to arrange them in line where you can't tell by the photograph whether they're 5 foot 6 or 6 foot 3 and I try to locate their heads in the very same area as the photos will sometimes allow me.

Detective Lee selected the six photographs he used, he placed them in a folder. In addition to his efforts in attempting to match the individuals based on the above characteristics, Detective Lee testified he also gave the following warning to each witness prior to showing them the array:

> In a moment I'm going to show you a group of photographs. This group of photographs may or may not contain a picture of the person who committed a crime now being investigated. Keep in mind that hair styles, beards, moustaches, may easily change. Also, photographs may not always depict the true complexion of a person, it may be lighter or darker than is shown in the photo. Pay no attention to any marking or numbers that may appear on the photos or any other differences in the type or style of photographs. When you have looked at all the photos, tell mewhether or not you see the person who committed the crime. Do not tell other witnesses that you have or have not identified anyone.

Detective Lee showed the photographic array to five witnesses, and all five identified Mr. Storey as the person who committed the robbery. The district court rejected Mr. Storey's claims the photographic array was impermissibly suggestive at a pretrial hearing based on Detective Lee's efforts to create matching photographs, the similarities between the photographs and the above warning.

"We review de novo the ultimate issue of the constitutionality of identification procedures, although we review the underlying factual basis for the district court decision for clear error." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995). In *Grubbs v. Hannigan*, 982 F.2d 1483, 1489-90 (10th Cir. 1993), we listed a two-tier analysis to be used in examining pretrial identification procedures. "First, we must determine whether the procedure was unnecessarily suggestive. If the procedure is found to have been unnecessarily suggestive, we must then weigh the corrupting influence of the suggestive procedure against the reliability of the identification itself." *Id.* (internal citations omitted). We analyze each tier separately and it is only necessary to reach the second tier if we first find the array was impermissibly suggestive. *United States v. Sanchez*, 24 F.3d 1259, 1262 (10th Cir.), *cert. denied*, 115 S. Ct. 526 (1994).

In *Sanchez*, we noted that in order to determine whether a photographic array is impermissibly suggestive we look at several factors including "the size of the array, the manner of its presentation by the officers, and the details of the

photographs themselves." *Sanchez*, 24 F.3d at 1262. Mr. Storey has not alleged, nor do we find, any problems with Detective Lee's presentation of the photographic array. In *Sanchez*, we recognized that minor differences in the photographs can have a greater effect in an array consisting of a small number of photographs. *Id.* Because there were only six photographs presented in Detective Lee's photographic array, we must pay particular attention to the alleged irregularities between the photographs.

First, we address Mr. Storey's claim he is the only one smiling in the pictures. In *Sanchez*, the appellant contended the fact he was the only one in the array with his eyes closed rendered the photographic array impermissibly suggestive. We rejected his argument and held this fact alone was not enough to "lead the eye of the unguided viewer to his photograph given that all the depicted persons are very similar in their physical appearance." *Id.* at 1263. We believe the fact Mr. Storey is the only one smiling is analogous to the fact Mr. Sanchez was the only one with his eyes closed, and accordingly we do not find it made the photographic array unnecessarily suggestive.

We also reject his claim that because he was the only one with full facial hair the photographic array was impermissibly suggestive. Because Mr. Storey did not provide us with the photographic array, we do not know whether he was the only one in the lineup with any facial hair or if others in the lineup had

varying degrees of facial hair. Nevertheless, he has not claimed any striking dissimilarity between himself and the others, and we find the fact that he had more facial hair than the others was not unnecessarily prejudicial, especially in light of Detective Lee's warning to the witness that "hairstyles, beards, moustaches may easily change." *See United States v. Thurston*, 771 F.2d 449, 452-53 (10th Cir. 19185) (finding identification procedure not unduly suggestive where defendant was the only one in six photographs to have a beard and whose hair was braided); *United States v. Shoels*, 685 F.2d 379, 385 (10th Cir. 1982) (holding that a photographic array of men with facial hair, where the suspect had been described as without facial hair, was not unnecessarily suggestive), *cert. denied*, 462 U.S. 1134 (1983).

We also do not find the darker background in his photograph so distinctive as to render the array fatally suggestive. Mr. Storey has not alleged any facts to indicate this darkness made his photograph stand out or that it made it look as if it had been taken more recently than the others or under different circumstances. *See United States v. Bautista*, 23 F.3d 726, 731 (2d Cir.) (rejecting appellant's claim that because his photograph was "slightly brighter and slightly more close-up than the others" the array was unnecessarily suggestive), *cert. denied*, 115 S. Ct. 174 (1994).

Nor do we find all the above irregularities viewed in combination and in

light of the small number of photographs in the array enough to make the photographic array unnecessarily suggestive. In *Grubbs*, we held a photographic array was unnecessarily suggestive because the individuals in the lineup had dissimilarities in their facial characteristics that were either striking or related to an important component of the witness' description of the suspect coupled with the police's statement to the witness that they had a suspect in custody. *Grubbs*, 982 F.2d at 1490. Mr. Storey does not claim the other photographs depicted individuals who looked significantly different from him or that Detective Lee used any type of suggestive information to taint the witness' identification. In fact, Detective Lee specifically cautioned the witnesses not to consider two of the irregularities of which Mr. Storey complains. The irregularities of which he complains are not enough to make his photograph stand out from the others in such a way as to render the array unnecessarily suggestive. Because we find the photographic array was not unnecessarily suggestive, we need not address the second tire of the analysis.

For the reasons stated above, the district court's decision is **AFFIRMED**.


Entered for the Court

**WADE BRORBY**
United States Circuit Judge

-6-